UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL AIR TRAFFIC CONTROLLERS
ASSOCIATION, AFL-CIO,
1325 Massachusetts Ave, N.W.
Washington, D.C. 20005,

    Plaintiff,

vs.

FEDERAL SERVICE IMPASSES PANEL,
1900 E Street, N.W.
Washington, D.C. 20415,

FEDERAL LABOR RELATIONS AUTHORITY,
1400 K Street, N.W.
Washington, D.C. 20424,

and

UNITED STATES DEPARTMENT OF
TRANSPORTATION,
FEDERAL AVIATION ADMINISTRATION
800 Independence Avenue, SW
Washington, D.C. 20591,

    Defendants.

: Civil Action No. _____ :

## COMPLAINT

This is a suit by the National Air Traffic Controllers Association, AFL-CIO ("NATCA" or "the Union") for a declaratory judgment and for all appropriate injunctive relief attendant thereto, to confirm the jurisdiction of the Federal Service Impasses Panel ("FSIP" or "the Panel") over collective bargaining negotiation impasses between the Federal Aviation Administration ("FAA" or "the Agency") and labor organizations representing its employees, including NATCA.

1

## **INTRODUCTION**

The FSIP is the entity that Congress established, in structuring the federal collective bargaining system, to act as the neutral third party with the legal authority to bring about some reasonable mediation of collective bargaining disputes between federal employees and unions, rather than, as in the private sector, leaving resolution of such disputes to the free play of such economic force as each employer and union can muster.

This suit grows out of two sets of FAA/NATCA collective bargaining negotiations, during the period from 2000 to the present. In both such instances, the parties declared impasse and NATCA brought such impasses to the FSIP with the request that the Panel exercise its authority to bring about a resolution of the impasse, and in both instances NATCA's requests were opposed by the FAA on the ground that legislation governing the FAA's labor relations deprived the FSIP of jurisdiction over collective bargaining between the FAA and labor organizations representing the Agency's employees.

In both instances, the FSIP declined to assert jurisdiction over the FAA/NATCA collective bargaining impasses, and declined as well to determine whether the Panel had jurisdiction over such impasses, stating that the FAA's objection to the Panel's jurisdiction raised questions as to "Congresses' [sic] intent in enacting statutory provisions subject to confliction interpretations [which] must be addressed in [some other] appropriate forum."

NATCA has twice sought to have the Federal Labor Relations Authority ("FLRA"

or "the Authority"), the FSIP's parent administrative agency, address the question identified by the Panel regarding the FSIP's jurisdiction over collective bargaining impasses between the FAA and labor organizations representing the Agency's employees and -- while neither the FSIP nor the FLRA have addressed, much less answered, that question -- years have passed since NATCA first brought a collective bargaining impasse with the FAA to the FSIP and, during that time, the Panel has not taken a single step toward exercising its legal authority to bring about a resolution of the collective bargaining impasses between the FAA and labor organizations representing the Agency's employees.

The persistent and protracted inaction by the FSIP and FLRA is compounded by the fact that NATCA previously filed a related lawsuit seeking an injunction ordering the FSIP to exercise its jurisdiction. That suit was dismissed by this Court, and that dismissal was affirmed by the U.S. Court of Appeals for the D.C. Circuit, with the direction that NATCA bring the matter to the FLRA for the issue of the FSIP's jurisdiction "to be addressed by the FLRA in the first instance to allow it to 'bring [ ] its expertise to bear on the resolution of those issues,'" National Air Traffic Controllers Ass'n, et al. v. Federal Service Impasses Panel, et al., 437 F.3d 1256, 1264-65 (D.C. Cir. 2006). The most recent failures by the FSIP and FLRA to address and resolve the issue of the FSIP's jurisdiction occurred subsequent to, and in the face of the D.C. Circuit's directive.

NATCA now returns to the Court, having attempted and failed to obtain a determination by the FLRA over the issue of the FSIP's jurisdiction, and having exhausted any and all administrative alternatives below, to obtain a judicial resolution of

3

this important, recurring and unresolved issue.

## NATURE, JURISDICTION, VENUE

1. This civil action is brought by the National Air Traffic Controllers Association, AFL-CIO ("NATCA") for declaratory, injunctive and other appropriate relief to resolve the longstanding, unresolved issue of whether the jurisdiction of the Federal Service Impasses Panel ("FSIP" or "the Panel") extends to collective bargaining impasses between the Federal Aviation Administration ("FAA" or "the Agency") and labor organizations representing its employees to the same extent that it applies generally to resolving impasses between federal employees and their bargaining representatives, as provided in 5 U.S.C. §7119.

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the United States District Court for the District of Columbia pursuant to 29 U.S.C. §1391(e).

## PARTIES

4. Plaintiff NATCA is a labor organization within the meaning of 5 U.S.C. §7103(a)(4), representing approximately 20,000 employees of the FAA, including over 15,000 employees in its largest bargaining unit of air traffic control specialists.

5. Defendant FSIP is "an entity within the [FLRA]," established under 5 U.S.C. §7119(c)(1) for the purpose, *inter alia,* of "provid[ing] services and assistance to agencies and exclusive representatives in the resolution of negotiation impasses." 5 U.S.C. §7119(a). If federal agencies and labor organizations representing their

4

employees reach an impasse in their collective bargaining negotiations, the Panel's mandatory statutory directive is to recommend procedures and to take whatever action it deems necessary to resolve the impasse. Id.

6. Defendant Federal Labor Relations Authority ("FLRA" or "the Authority") is an Agency of the United States government, and the parent administrative agency of the FSIP, established by Congress under 5 U.S.C. §7104(a) for the purpose, *inter alia,* of affording "protection of the right of [federal] employees to organize, bargain collectively, and participate through labor organizations of their own choosing in decisions which affect them..." 5 U.S.C. §7101(a).

7. Defendant U.S. Department of Transportation ("DOT"), Federal Aviation Administration ("FAA") is a federal governmental agency responsible, *inter alia*, for the regulation and control of air commerce and air traffic in the airspace of the United States.

## BACKGROUND

8. On July 8, 2003, after reaching an impasse in collective bargaining negotiations with the FAA affecting eleven (11) non-air traffic controller bargaining units of FAA employees, NATCA requested assistance from the FSIP in resolving those collective bargaining impasses. On January 9, 2004, the FSIP refused to exercise its jurisdiction in the matter and declined to determine whether it had such jurisdiction, stating that "Congresses' [sic] intent in enacting statutory provisions subject to conflicting interpretations, must be addressed in an appropriate forum." Exhibit 1 hereto. The FSIP did not identify what "appropriate forum" it had in mind.

9. On January 30, 2004, NATCA, together with another federal labor organization representing FAA employees, filed a lawsuit in the U.S. District Court for the District of Columbia seeking an injunction to remedy the FSIP's refusal to provide mediation and assistance in the resolution of their collective bargaining impasses, pursuant to the Panel's mandatory jurisdiction under 5 U.S.C. §7119, and an order declaring that the FSIP's decision not to assert jurisdiction violated its own statutory authority and exceeded its jurisdiction under 5 U.S.C. §7119.

10. This Court dismissed the suit and declined to address the issue of the FSIP's jurisdiction, determining that the FLRA was "the better forum to decide whether the FAA is required to follow the entire impasse-resolution process of Chapter 71 for these particular impasses." Nat'l Air Traffic Controllers Ass'n. v. Federal Services Impasses Panel, et al., 2005 U.S. Dist. LEXIS 2964 at *14 (D.D.C. 2004).

11. On February 19, 2006, a panel of the U.S. Court of Appeals for the D.C. Circuit affirmed this Court's decision. National Air Traffic Controllers Ass'n, et al. v. Federal Service Impasses Panel, et al., 437 F.3d 1256 (D.C. Cir. 2006). The panel, per Senior Circuit Judge Edwards, concluded that the issue of the FSIP's mandatory jurisdiction over collective bargaining impasses between the FAA and labor organizations representing its employees "must be addressed in the first instance by the FLRA – not by the FSIP, the District Court, or this court." 437 F3d. at 11264-1265 (citation omitted).

12. On July 8, 2005, following the D.C. Circuit's directive, NATCA attempted to bring the issue of jurisdiction of the FSIP with respect to the preexisting collective bargaining impasse over the eleven (11) non-air traffic controller bargaining units

6

underlying the original lawsuit to the FLRA, as directed by this Court and by the D.C. Circuit, by filing unfair labor practice charges against the FAA for bypassing the FSIP's impasse resolution processes. Those unfair labor practices were administratively dismissed by the General Counsel of the FLRA, at the urging of the FAA and over NATCA's objection, on the basis of a unilateral settlement agreement between the FAA and the FLRA. As a result, the FLRA was denied the opportunity to address the issue of the FSIP's jurisdiction as directed by this Court and the D.C. Circuit.

13. On April 5, 2006, the FAA declared an impasse in its collective bargaining with NATCA over negotiations covering three bargaining units, including the Agency's largest bargaining unit of 15,000 air traffic control specialists.

14. On the same day, the FAA submitted that impasse immediately and directly to Congress pursuant to the FAA's contention in the earlier litigation, *i.e.*, that impasses in collective bargaining between the FAA and labor organizations representing its employees were to be submitted to Congress pursuant to the 1996 FAA Act rather than resolved by the FSIP. <u>National Air Traffic Controllers Ass'n et al. v. Federal Service Impasses Panel, et al.</u>, 437 F.3d at 1260.

15. On April 7, 2006, NATCA *again* requested assistance from FSIP in the resolution of the impasses and, on July 6, 2006, the Panel again declined to exercise or to determine its jurisdiction, stating that questions "which appear to involve determinations as to Congresses' [sic] intent in enacting statutory provisions subject to conflicting interpretations, must be addressed in an appropriate forum," and once again failing to identify what it considered to be "an appropriate forum." Exhibit 2 hereto.

16. On September 3, 2006, the FAA implemented new terms and conditions with

respect to the three bargaining units, including with respect to its 15,000 air traffic control specialists represented by NATCA, over the Union's vigorous objection.

17. In July and September of 2006, NATCA attempted to bring the issue of the FSIP's jurisdiction to the Authority for resolution by filing additional unfair labor practice charges against the FAA with respect to the Agency's bypassing of the FSIP's processes and its unilateral implementation of terms and conditions with respect to the three bargaining units. On July 25, 2007, NATCA's charges against the FAA were administratively dismissed, at the urging of the FAA and over NATCA's objection, and NATCA's request for reconsideration of the dismissal of those charges was denied on February 26, 2008.

18. By the administrative dismissal of its unfair labor practices charges in two separate proceedings, NATCA has now been prevented from obtaining a resolution by the FLRA of the issue of the FSIP's impasse-resolution jurisdiction as directed by this Court and by the D.C. Circuit.

19. The issue of the FSIP's mandatory impasse-resolution jurisdiction has thus remained unresolved since at least 2000, and continues to evade review. NATCA has no other means by which to obtain a resolution of this fundamental and recurring jurisdictional question of whether the FSIP or Congress has jurisdiction over collective bargaining impasses between the FAA and labor organizations representing its employees, and that issue is therefore ripe for the Court's resolution.

### THE FSIP'S MANDATORY JURISDICTION OVER COLLECTIVE BARGAINING IMPASSES BETWEEN THE FAA AND LABOR ORGANIZATIONS REPRESENTING ITS EMPLOYEES

20. The governing federal labor statute provides, in mandatory terms, that where federal employers and representatives of their employees engage in collective bargaining negotiations and reach a bona fide impasse in their negotiations, the FSIP "*shall* provide assistance to agencies and exclusive representatives in resolving negotiation impasses" (5 U.S.C. §§7119(a)), "*shall* promptly investigate any impasse presented to it... (5 U.S.C. §7119(c) (5)(A))," and then "*shall*... either... recommend to the parties procedures for the resolution of the impasse; or... assist the parties in resolving the impasse through whatever methods and procedures... it may consider appropriate to accomplish the purpose of this section." 5 U.S.C. §§7119(c)(5)(A)(i),(iii). (Emphasis supplied).

21. The statutory provisions cited by the FAA in support of its contention that the FSIP's mandatory jurisdiction does not apply to impasses between the FAA and representatives of its employees, 49 U.S.C. §§ 40122 and 106, do not contain any reference to the FSIP or to its mandatory impasse-resolution jurisdiction, do not contain any language purporting to exempt impasses in collective bargaining between the FAA and the labor organizations representing its employees from the FSIP's other, and therefore do not provide any legal support for the FAA's claims. To the contrary, one of the statutes relied upon by the FAA, Section 40122(g)(2)(c) of Chapter 49 of the U.S. Code, expressly *confirms* that "*Chapter 71* relating to labor management relations" -- inclusive of 5 U.S.C. §7119 establishing the FSIP's impasse-resolution jurisdiction -- remains applicable to the FAA; and another, subsequently enacted provision of the same statute, 49 U.S.C. §106(l), expressly *preserves* FSIP's jurisdiction by its cross

9

reference to the latter provision: "subsection( ) ...(g) of Section 40122..." -- as an *exception* to the general authority of FAA's Administrator, relied upon by the FAA, "... to fix the compensation of [FAA] officers and employees...." Emphasis supplied.

22. In 1996, the FAA promulgated its own Personnel Management System ("FAA PMS") which the Agency has maintained to date. *Available at* https://employees.faa.gov/ org/staffoffices/ahr/policy_guidance/hr_policies/PMS/personnel/.

23. The FAA's PMS provides that "[t]he FAA, all FAA employees, and all labor organizations representing FAA employees *shall have* the same rights, and be subject to the same responsibilities and limitations as are available to all Federal agencies, employees and labor organizations under *5 U.S.C. Chapter 71.*" (Emphasis supplied). Chapter 71 of Title 5 of the U.S. Code, as incorporated into the FAA PMS, *includes* Section 7119 of Chapter 5 and thus provides that the FSIP's mandatory impasse-resolution jurisdiction does apply to collective bargaining impasses between the FAA and labor organizations representing its employees. *See* Nat'l Air Traffic Controllers Ass'n. v. Federal Services Impasses Panel, et al., 437 F.3d at 1258.

24. All labor organizations representing FAA employees and all FAA employees in affected bargaining units have been and will continue to be deprived of their right to engage in collective bargaining as provided in Chapter 71 of Title 5 of the U.S. Code and in the FAA PMS, and are irreparably injured by the FAA's refusal to recognize the FSIP's mandatory jurisdiction, and by the FSIP's refusal to exercise its mandatory jurisdiction with respect to the existing and future impasses in collective bargaining negotiations.

## COUNT ONE

25. Plaintiff hereby realleges and incorporates by reference herein the allegations in paragraphs 1-24 above.

26. The FSIP's refusal to exercise its mandatory impasse-resolution jurisdiction over collective bargaining negotiation impasses between the FAA and labor organizations representing its employees, including NATCA, has denied and will continue to deny those labor organizations and FAA employees in the affected bargaining units their statutory right to engage in collective bargaining in violation of 5 U.S.C. §§ 7101, 7116, 7117 and 7119, and in violation of the requirements of the FAA's own Personnel Management System.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NATCA urges the Court to:

1. Declare, pursuant to 28 U.S.C. §2201, that the FSIP has mandatory jurisdiction to resolve impasses between the FAA and labor organizations acting as exclusive representatives of FAA of the same kind and extent as its mandatory jurisdiction over such impasses between other federal agencies and exclusive representatives of their employees.

2. In support of that declaration, enjoin the FSIP from refusing to proceed forthwith to exercise its jurisdiction over any and all existing and future impasses in collective bargaining negotiations between the FAA and labor organizations representing its employees, including NATCA, in accordance with 5 U.S.C. § 7119; and

3. Award such other and further relief to plaintiff as the Court deems just and

proper, including attorney fees and costs.

*/s/ William W. Osborne, Jr.*
William W. Osborne, Jr.
D.C. Bar Identification No. 912089
Natalie C. Moffett
D.C. Bar Identification No. 493022
Osborne Law Offices, P.C.
4301 Connecticut Avenue, N.W.
Suite 108
Washington, D.C. 20008
(202) 243-3200

*/s/ Marguerite L. Graf /wwo, Jr./*
Marguerite L. Graf
D.C. Bar Identification No. 455693
General Counsel
National Air Traffic Controllers
Association, AFL-CIO
1325 Massachusetts Avenue, N.W.
Washington, D.C. 20005
(202) 628-5451
Counsel for Plaintiff

Dated: March 21, 2008



UNITED STATES
# FEDERAL SERVICE IMPASSES PANEL
WASHINGTON, DC 20424-0001

January 9, 2004

**VIA FACSIMILE TRANSMISSION**



Elizabeth J. Head, Esq.
Office of the Chief Counsel
Federal Aviation Administration
400 7th Street, SW., PL-200A
Washington, DC 20591

Mr. William W. Osborne, Jr.
Osborne Law Offices
4301 Connecticut Avenue, NW.
Suite 108
Washington, DC 20008

          RE:  Department of Transportation
                Federal Aviation Administration
                Washington, DC and
                NATCA, AFL-CIO
                Case No. 03 FSIP 144

Dear Ms. Head and Mr. Osborne:

After due consideration of the request for assistance in the above-referenced case, the Panel in accordance with its regulations, 5 C.F.R. § 2471.6(a)(1), declines to assert jurisdiction because it is unclear whether the Panel has the authority to resolve the parties' impasse.

Our investigation reveals, among other things, that the Employer alleges that the Panel "may not assert jurisdiction" over any of the Union's compensation-related proposals. In its view, although the parties are at impasse, 49 U.S.C. §§ 106 and 40122(a) govern how collective bargaining disputes between the Federal Aviation Administration (FAA) and its unions over compensation matters are to be resolved.[1] In essence, on the basis of its interpretation

---

1/    49 U.S.C. § 106 provides that, in fixing compensation and benefits of employees, the Administrator of the FAA:

> [S]hall not engage in any type of bargaining, except to the extent provided for in section 40122(a), nor shall the Administrator be bound by any requirement to establish such compensation or benefits at particular levels.

(continued...)

Exhibit 1

2

of the relevant statutory provisions, the Employer argues that Congress changed "business as usual" for labor-management relations at the FAA by substituting itself for the traditional role otherwise played by the Panel in resolving Federal sector impasses regarding these matters. In addition, it cites certain statements made by the Union subsequent to the enactment of the relevant legislation which demonstrate that it recognized that the § 40122(a) procedure displaced the Panel as the forum for resolving disputes over compensation and related issues under the FAA's PMS. Finally, in its initial jurisdictional submission to the Panel on September 22, 2003, it also states that, in accordance with § 40122(a), "the Agency is currently preparing its submission to Congress and will submit the compensation issues in dispute . . . in a timely manner."

In its response, the Union contends that the Employer has failed to portray accurately the intentions of Congress when it enacted 49 U.S.C. § 40122. In this regard, § 40122(g)(1) and (2)(C), state the following:

   (g) Personnel Management System. -

---

1/   (...continued)
49 U.S.C. § 40122(a)(2) provides a procedure for resolving negotiation impasses between the Administrator and the FAA's exclusive bargaining representatives over the development of, and subsequent changes to, the personnel management system (PMS) initially implemented on April 1, 1996. It states as follows:

> (2) Mediation. - If the Administrator does not reach an agreement under paragraph (1) with the exclusive bargaining representatives, the services of the Federal Mediation and Conciliation Service shall be used to attempt to reach such agreement. If the services of the Federal Mediation and Conciliation Service do not lead to an agreement, the Administrator's proposed changes to the personnel management system shall not take effect until 60 days have elapsed after the Administrator has transmitted the proposed change, along with the objections of the exclusive bargaining representatives to the change, and the reasons for such objections, to Congress. The 60-day period shall not include any period during which Congress has adjourned *sine die*.

3

> (1) In general. - In consultation with the employees of the Administration and such non-governmental experts in personnel management systems as he may employ, and notwithstanding the provisions of title 5 and other Federal personnel laws, the Administrator shall develop and implement, not later than January 1, 1996, a personnel management system for the Administration that addresses the unique demands on the agency's workforce. Such a new system shall, at a minimum, provide for greater flexibility in the hiring, training, compensation, and location of personnel.
>
> (2) Applicability of title 5. - The provisions of title 5 shall not apply to the new personnel management system developed and implemented pursuant to paragraph (1), with the exception of -
>
> (C) chapter 71, relating to labor-management relations.

According to the Union, if Congress had intended what the Employer contends, it would have enacted § 40122(g)(2)(C) to preserve chapter 71 **except for section 7119** (which authorizes the Panel to provide assistance in resolving negotiation impasses between agencies and exclusive representatives), but it did not. In the Union's view, in enacting § 40122(a)(2), Congress intended to provide itself with ultimate authority only over "changes to the personnel management system," *i.e.*, the "new system" to be implemented "not later than January 1, 1996," and not to subsequent, recurring collective bargaining between the parties within the confines of that system. Hence, § 40122(g) leaves "the subsidiary issues of employee benefits and compensation to be resolved by the parties under 'chapter 71,' which includes the FSIP's processes." Moreover, although the Employer is requesting the Panel to "abdicate" its statutory responsibility,

> neither the governing statute nor the FSIP's case law provide the Panel with the discretion to decline to resolve an existing bargaining impasse on an *ad hoc* basis where, as here, the statutory predicates for the FSIP's intervention are present.

The Panel has carefully examined the parties' positions regarding its jurisdiction over their impasse, including the applicable statutory provisions, and concludes that the Employer has raised arguable questions concerning whether the Panel has the authority to resolve collective bargaining disputes over the compensation and benefits of FAA's bargaining-unit employees. In our view, such

4

questions, which appear to involve determinations as to Congresses' intent in enacting statutory provisions subject to conflicting interpretations, must be addressed in an appropriate forum before the Panel commits its resources to assist the parties in resolving the merits of their impasse.[2/]

This determination to decline to assert jurisdiction is made without prejudice to the right of either party to file another request for assistance if the underlying threshold question is resolved in the appropriate forum consistent with the Union's interpretation of the applicable statutory provisions.

By direction of the Panel.

Sincerely yours,

*H. Joseph Schimansky*

H. Joseph Schimansky
Executive Director

---

[2/]   Contrary to the Union's contention, the Panel believes that it's determination to decline jurisdiction under the circumstances presented in this case is fully consistent with its authority under the Federal Service Labor-Management Relations Statute and its implementing regulations.



UNITED STATES
FEDERAL SERVICE IMPASSES PANEL
WASHINGTON, DC 20424-0001

July 6, 2006

<u>**VIA FACSIMILE TRANSMISSION**</u>

Mr. Michael S. Herlihy
Manager, Third Party Services
  Division (AHL-200)
Federal Aviation Administration
800 Independence Avenue, S.W.
Washington, DC  20591

Mr. Marc Shapiro
Director of Labor Relations
National Air Traffic Controllers
  Association
1325 Massachusetts Ave, N.W
Washington, DC  20005

         RE:  Department of Transportation
              Federal Aviation Administration
              Washington, DC and
              NATCA, AFL-CIO
              Case No. 06 FSIP 64

Gentlemen:

After due consideration of the request for assistance in the above-referenced case, the Panel in accordance with its regulations, 5 C.F.R. § 2471.6(a)(1), declines to assert jurisdiction because it is unclear whether the Panel has the authority to resolve the parties' impasse.

The Panel has carefully examined the parties' positions regarding its jurisdiction over their impasse, including the applicable statutory provisions, and concludes that the Employer has raised arguable questions concerning whether the Panel has the authority to resolve collective bargaining disputes over changes to the FAA's PMS, including the compensation and benefits of FAA's bargaining-unit employees. In our view, such questions, which appear to involve determinations as to Congresses' intent in enacting statutory provisions subject to conflicting interpretations, must be addressed in an appropriate forum before the Panel commits its resources to assist the parties in resolving the merits of their impasse.[1]

---

1/    In reaching its determination, the Panel notes that it is not endorsing, either explicitly or implicitly, the Employer's

♦ 1400 K Street, NW ♦ Suite 200 ♦ Washington, DC ♦ 20424-0001 ♦ Tele. (202) 218-7790 ♦ Fax (202) 482-6674 ♦

Exhibit 2

2

This determination to decline to assert jurisdiction is made without prejudice to the right of either party to file another request for assistance if the underlying threshold question is resolved in the appropriate forum consistent with the Union's interpretation of the applicable statutory provisions.

By direction of the Panel.

Sincerely yours,

H. Joseph Schimansky
Executive Director

---

interpretation of the statutory provisions in question.



## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

NATIONAL AIR TRAFFIC CONTROLLERS ASSOCIATION, AFL-CIO  //001

**DEFENDANTS**

FEDERAL LABOR RELATIONS AUTHORITY, FEDERAL SERVICE IMPASSES PANEL, and UNITED STATES DEPARTMENT OF TRANSPORTATION

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___DC___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___DC___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

William W. Osborne, Jr.
4301 Connecticut Avenue N.W., Suite 108
Washington, D.C. 20008

Case: 1:08-cv-00481
Assigned To : Collyer, Rosemary M.
Assign. Date : 3/21/2008
Description: Admn. Agency Review

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- 3 Federal Question (U.S. Government Not a Party)
- ⊙ 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**A. Antitrust**
- 410 Antitrust

**B. Personal Injury/Malpractice**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Medical Malpractice
- 365 Product Liability
- 368 Asbestos Product Liability

**⊙ C. Administrative Agency Review**
- 151 Medicare Act

Social Security:
- 861 HIA ((1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g)
- 864 SSID Title XVI
- 865 RSI (405(g)

Other Statutes
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- [X] 890 Other Statutory Actions (If Administrative Agency is Involved)

**D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**E. General Civil (Other)**   **OR**   **F. Pro Se General Civil**

**Real Property**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent, Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**Personal Property**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**Bankruptcy**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**Property Rights**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**Federal Tax Suits**
- 870 Taxes (US plaintiff or defendant
- 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- 610 Agriculture
- 620 Other Food &Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 RR & Truck
- 650 Airline Regs
- 660 Occupational Safety/Health
- 690 Other

**Other Statutes**
- 400 State Reapportionment
- 430 Banks & Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation

- 470 Racketeer Influenced & Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Satellite TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 900 Appeal of fee determination under equal access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Plaintiff seeks declaratory and injunctive relief under 5 USC 7119 for the FSIP's refusal to resolve their collective bargaining impasses with the FAA.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☒  NO ☐  If yes, please complete related case form.

DATE March 21, 2008  SIGNATURE OF ATTORNEY OF RECORD  *William Osborne Jr.*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.