IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL AIR TRAFFIC CONTROLLERS ASSOCIATION, AFL-CIO,<br>      Plaintiff<br><br>v.<br><br>FEDERAL LABOR RELATIONS AUTHORITY, FEDERAL SERVICE IMPASSES PANEL, and UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION,<br>      Defendants | No. 1:08CV00481 (RMC) |

**FLRA DEFENDANTS' MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO THE FLRA DEFENDANTS' MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT**

Pursuant to LCvR 7.1(d), the Federal Service Impasses Panel (Panel) and the Federal Labor Relations Authority ("FLRA" or "Authority") (collectively "FLRA defendants"), hereby reply to the Plaintiff's Opposition to Defendants' Motion to Dismiss or for Summary Judgment ("Opposition" or "Opp."). In support of its Reply, the FLRA defendants state as follows.

### INTRODUCTION

The National Air Traffic Controllers Association, AFL-CIO (NATCA) seeks to invoke the jurisdiction of this Court for a judgment declaring that the Panel has jurisdiction over a bargaining dispute between NATCA and United States Department of Transportation, Federal Aviation Administration (FAA) and for appropriate injunctive relief. As demonstrated in the FLRA defendants' Motion to Dismiss or, in the Alternative for Summary Judgment (Motion to Dismiss), this Court is without subject matter jurisdiction.

It is well established that when a party files a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of proving that the court has jurisdiction. *Nattah v. Bush.*, 541 F.Supp. 2d 223, 232 (D. D.C. 2008); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 833 (D.C. Cir. 1984). NATCA has clearly failed to meet this burden here. This Court has previously held, and the D.C. Circuit affirmed, that the Court lacked jurisdiction when NATCA sought, in substantially identical circumstances, the same relief it seeks here. *Nat'l Air Traffic Controllers Ass'n, et al. v. FSIP and FLRA*, No. 04-0138, 2005 U.S. Dist. LEXIS 2964 (D. D.C. Feb. 22, 2005) (*NATCA I*)[1]; *Nat'l Air Traffic Controllers Ass'n, et al. v. FSIP and FLRA*, 437 F.3d 1256, 1263-64 (D.C. Cir. 2006) (*NATCA II*). Tellingly, NATCA has failed to identify any factors which would warrant a different result in this case.

In their Motion to Dismiss, the FLRA defendants demonstrated that the relevant statutory schemes, and the precedent of the Supreme Court and the D.C. Circuit, amply support the conclusion that the Court lacks jurisdiction in the instant case. In response (Opp. at 2), NATCA does not distinguish any of this precedent, but instead relies heavily on a handful of cases from other circuits where federal question jurisdiction has been found to render a declaratory judgment "regarding the scope and nature of a federal agency's jurisdiction over a class of disputes." As will be discussed below, none of those cases control the instant case.

---

[1] This Court's Memorandum Opinion in *NATCA I* was attached as Exhibit (Exh.) 1 to the FLRA defendants' Motion to Dismiss.

## ARGUMENT

1.   In their Motion to Dismiss, the FLRA defendants demonstrated that Congress has determined that decisions of the Panel and determinations of the FLRA's General Counsel not to issue unfair labor practice (ULP) complaints are precluded from judicial review. *See* Motion to Dismiss at 14-15, 22 n.11. Further, as the D.C. Circuit has noted, where review of agency actions is precluded by a specific statutory scheme, general federal question jurisdiction is not available. *Council of Prison Locals v. Brewer*, 735 F.2d 1497, 1499 (D.C. Cir. 1984) (*Brewer*) (Panel decisions); *see also Beverly Health and Rehab. Serv. v. Feinstein*, 103 F.3d 151, 154 (D.C. Cir. 1996) (citing *NLRB v. United Food & Commercial Workers Union*, 484 U.S. 112, 131 (1987)) (*Beverly Health*) (General Counsel determinations).

NATCA contends (Opp. at 3) that this precedent is inapposite to the instant case because the complaint "is not directed at securing review or reversal of any decisions of the [Panel] or the FLRA." NATCA's contention cannot withstand scrutiny. Before the Panel initially, and subsequently before the FLRA's General Counsel, NATCA sought precisely the result it seeks here, namely a determination that the impasse in fact between it and the FAA was an impasse subject to the Panel's processes under 5 U.S.C. § 7119. It is NATCA's failure to achieve its desired results in these fora that precipitated the instant suit.

Both this Court and the D.C. Circuit held that the appropriate forum to seek resolution of the issue that NATCA is bringing before this Court is the FLRA's ULP procedures under 5 U.S.C. § 7118. *NATCA I*, Mem. at 6-7; *NATCA II*, 437 F.3d at 1264-66. As discussed in the Motion to Dismiss (Motion at 22-23), NATCA availed itself of these procedures. In accordance with the scheme enacted by Congress, the General Counsel considered NATCA's charge but determined that the charge did not warrant the issuance of a complaint. *See* Motion to Dismiss, Exh. 6. Contrary to NATCA's contention (Opp. at 3-4), the fact that the issue was never presented to the Authority for a merits determination does not create jurisdiction this Court would not otherwise have. Matters properly subject to the ULP procedures are to be examined first by the Authority "or not at all." *See NLRB v. United Food & Commercial Workers Union*, 484 U.S. 112, 132-33 (1987). NATCA has no cause to complain that the ULP procedures failed to provide an adequate form of redress. Where Congress has provided a comprehensive scheme, such as the ULP procedure, for the resolution of legal disputes, courts should "conclude that Congress provided precisely the remedies it considered appropriate." *Karahalios v. NFFE, Local 1263*, 489 U.S. 527, 533-34 (1989).

2.    In any event, NATCA's reliance on *Florida Board of Business Regulation v. NLRB*, 686 F.2d 1362 (11th Cir. 1982) (*Florida Board*) and the other cases referenced

in its Opposition (Opp. at 2) is unavailing. Narrowly interpreting the Supreme Court's determinations in *Boire v. Greyhound Corporation*, 376 U.S. 473, 479 (1964) and *Leedom v. Kyne*, 358 U.S. 184 (1958), that NLRB orders regarding representation elections are subject to district court review only in specified "extraordinary circumstances," the *Florida Board* court held that the *Leedom/Boire* rule did not preclude a district court from exercising general federal question jurisdiction over such issues. *Florida Board*, 686 F.2d at 1368-1370. However, in sharp contrast to the ruling of the *Florida Board* court, the D.C. Circuit has held expressly that because review of Panel and General Counsel determinations is precluded by a specific statutory scheme, general federal question jurisdiction is not available.[2] *Brewer*, 735 F.2d at 1499; *Beverly Health*, 103 F.3d at 154.

Further, in *Lipscomb v. FLRA*, 200 F.Supp. 2d 650, 655-56 (S.D. Miss. 2001), *aff'd* 333 F.3d 611 (5th Cir. 2003) (*Lipscomb*), the district court relied wholly on the

---

[2] In addition, the *Florida Board* decision finding general federal question jurisdiction in the circumstances of that case has been criticized by other circuit courts. *See NLRB v. California Horse Racing Board,* 940 F.2d 536, 539 n.2 (9th Cir. 1991); *see also New York Racing Ass'n, Inc. v. NLRB,* 708 F.2d 46, 56-57 n.6 (2d Cir. 1983).

reasoning of *Florida Board* to find jurisdiction to grant declaratory relief. Accordingly, *Lipscomb* is inapposite for the same reasons as *Florida Board*.[3]

In addition, neither *Terminal Freight Handling Company v. Solein*, 444 F.2d 699, 703-05 (8th Cir. 1971) (*Terminal Freight*) nor *National Automatic Laundry and Cleaning Council v. Shultz*, 443 F.2d 689 (D.C. Cir. 1971) (*Laundry Council*) provide support for NATCA's contention that this Court has subject matter jurisdiction over the instant complaint. In *Terminal Freight*, the court of appeals held that the district court had subject matter jurisdiction under the doctrine of *Leedom v. Kyne*, 358 U.S. 184 (1958) (*Leedom*), because the NLRB's Regional Director had exceeded his delegated powers. *Terminal Freight*, 444 F.2d at 703-05. NATCA's claim to jurisdiction in this case is not based on *Leedom* nor could it be. In *NATCA I* and *NATCA II*, this Court and the D. C. Circuit held that *Leedom* jurisdiction was not available to review the Panel's determination not to assert jurisdiction. *NATCA I*, Mem. at 7-9; *NATCA II*, 437 F.3d at 1262-63. With respect to the General Counsel's determination not to issue a complaint, it is beyond dispute that this determination is

---

[3] NATCA's citations to *Lipscomb* (Opp. at 2), including its subsequent history, contain errors that are corrected herein. Further, although the district court found jurisdiction in *Lipscomb*, the court ruled against the plaintiff on the merits of the suit. *Lipscomb*, 200 F. Supp 2d at 664. Accordingly, both the appeal to the circuit court, *Lipscomb v. FLRA*, 333 F.3d 611 (5th Cir. 2003), and the petition for certiorari filed by
(footnote continued on next page)

within the General Counsel's statutory discretion. 5 U.S.C. § 7118(a)(1); *see also Patent Office Prof'l Ass'n v. FLRA*, 128 F.3d 751, 752-53 (D.C. Cir. 1997).

Finally, *Laundry Council* was not about subject matter jurisdiction at all. At issue there were standing, ripeness, and the finality of the administrative rulings for which review was sought. *Laundry Council*, 443 F.2d 689, 692-702. None of these issues are before the Court in the action against the FLRA defendants.

## CONCLUSION

For the foregoing reasons and those contained in the Motion to Dismiss, this complaint should be dismissed because the Court lacks subject matter jurisdiction and because the complaint fails to state a claim upon which relief can be granted. In the alternative, this Court should grant summary judgment in favor of the defendants and deny the unions' motion for summary judgment.

---

the plaintiff, *Cross v. FLRA*, 541 U.S. 935 (2004), concerned only the district court's merits determination, not the decision on jurisdiction.

Respectfully submitted.

        /s/
ROSA M. KOPPEL
Solicitor

        /s/
WILLIAM R. TOBEY
Deputy Solicitor

        /s/
JAMES F. BLANDFORD
Attorney

Federal Labor Relations Authority
1400 K Street, NW.
Washington, DC 20424-0001
(202) 218-7999; FAX (202) 343-1007

June 16, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL AIR TRAFFIC CONTROLLERS ASSOCIATION, AFL-CIO,<br>　　　　　　Plaintiff<br><br>　　v.<br><br>FEDERAL LABOR RELATIONS AUTHORITY, FEDERAL SERVICE IMPASSES PANEL, and UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION,<br>　　　　　　Defendants | )<br>)<br>)<br>)<br>)　No. 1:08CV00481 (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I certify that a copy of the FLRA Defendants' Memorandum In Reply To Plaintiff's Opposition to the FLRA Defendants' Motions to Dismiss or for Summary Judgment has been served this day, by mail, upon the following:

　　　　　William W. Osborne, Jr.
　　　　　Osborne Law Offices, P.C.
　　　　　4301 Connecticut Avenue, N.W.
　　　　　Suite 108
　　　　　Washington, D.C. 20008

　　　　　Beverly Russell
　　　　　Assistant United States Attorney
　　　　　502 3rd Street, N.W.
　　　　　Washington, D.C. 20001


　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　James F. Blandford
　　　　　　　　　　　　Attorney, FLRA & FSIP

June 16, 2008