IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL AIR TRAFFIC CONTROLLERS ASSOCIATION, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL SERVICE IMPASSES PANEL and FEDERAL LABOR RELATIONS AUTHORITY,<br><br>and<br><br>U.S. DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 08-00481(RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
BY DEFENDANT FEDERAL AVIATION ADMINISTRATION**

For all of the reasons stated in defendant Federal Aviation Administration's ("FAA") Motion to Dismiss and the instant Reply, the National Air Traffic Controllers Association's ("NATCA" or "Union") suit as against the FAA should be dismissed for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The FAA respectfully submits this Reply to Plaintiff's Opposition to its Motion to Dismiss in support of its position that NATCA cannot be permitted to subvert the non-reviewability of decisions by the Federal Labor Relations Authority ("FLRA") through an action for declaratory and injunctive relief in this Court for the following reasons.

1. NATCA argues that its current cause of action is merely a logical extension of the decision in National Air Traffic Controllers Ass'n v. Federal Services Impasses Panel, No. Civ.A. 04-0138, 2005 WL 418016 (D.D.C. Feb. 22, 2005), aff'd, 437 F.3d 1256

(D.C. Cir. 2006)(NATCA v. FSIP). NATCA v. FSIP determined that the FLRA was the proper forum for the Union to obtain redress for its claims regarding the appropriate impasse resolution procedure for collective bargaining disputes between the Union and the FAA. The Court rejected NATCA's jurisdictional plea based on its position that it met the strict requirements in Leedom v. Kyne, 358 U.S. 184 (1958), and affirmed the district court's decision granting summary judgment in favor of Defendants FSIP and FLRA. Further, the Court stated that the FLRA was the proper forum for adjudicating the Unions' claims regarding bargaining impasses. "In short, if the Unions' interpretation of the disputed statutory provisions is correct, then it is clear that they have viable unfair labor practice charges that can be raised with and addressed by the FLRA. Thus, the Unions are not without possible redress for the alleged violations of their statutory rights. It is also clear that any alleged unfair labor practices [("ULP")] must be addressed in the first instance by the FLRA – not by the FSIP, the District Court, or this court." NATCA v. FSIP, 437 F.3d at 1265.

2. NATCA filed several ULP charges with the FLRA on April 7, 2006 including charges in Case Nos. WA-CA-06-0366 and WA-CA-0563 alleging, *inter alia*, that the FAA improperly submitted the controller contract bargaining impasse to Congress. See Attached. On July 25, 2007, after a fifteen month investigation, the FLRA Regional Director dismissed the ULP charge. On January 29, 2008, the FLRA General Counsel denied NATCA's appeal of the FLRA Regional Director's decision to dismiss the ULP charge. On February 26, 2008, the FLRA General Counsel denied NATCA's motion for reconsideration of the FLRA General Counsel's January 29, 2008 decision. The FLRA

General Counsel's decision to dismiss an unfair labor practice charge is not reviewable by any court. See <u>Patent Office Professional Ass'n v. Federal Labor Relations Authority</u>, 128 F.3d 751 (1997).

3. NATCA now seeks a declaratory judgment and requests that the impasses be taken up by the FSIP after it declined to exercise jurisdiction over either impasse. NATCA fails to convincingly explain any distinction between its current cause of action and its previous, unsuccessful argument that, under <u>Leedom v. Kyne</u>, 358 U.S. 184 (1958), the court had jurisdiction to compel the FSIP to proceed under 5 U.S.C. § 7119. The <u>Leedom v. Kyne</u> exception is intended to be of extremely limited scope. See <u>Boire v. Greyhound Corp.</u>, 376 U.S. 473, 480-81 (1964). In <u>Leedom</u>, the Court noted that the suit was "not one to 'review', in the sense of that term as used in the Act, a decision of the Board made within its jurisdiction. Rather it is one to strike down an order of the Board made in excess of its delegated powers." 358 U.S. at 188.

4. Just as the Union's previous jurisdictional arguments under <u>Leedom</u> were found to be without merit, NATCA's reliance on <u>Florida Board of Business Regulation v. NLRB,</u> 686 F. 2d 1362 (11th Cir. 1982), and <u>Lipscomb v. FLRA</u>, 200 F. Supp. 2d 650 (S.D. Miss. 2001), <u>aff'd</u> 333 F.3d 611 (5th Cir. 2003), should also fail since these cases are contrary to precedent in the D.C. Circuit. In <u>Council of Prison Locals v. Brewer</u>, (D.C. Cir. 1984), the complaint alleged that federal question jurisdiction existed over a case involving the FSIP, in addition to jurisdiction created by the Administrative Procedure Act, 5 U.S.C. §§ 702-704, the Mandamus Act, 28 U.S.C. § 1361, and the Declaratory Judgment Act, <u>id.</u> § 2201. The district court, after examining the language, purpose and

    legislative history of the Federal Services Labor-Management Relations Statute, concluded that it had no jurisdiction to entertain the Council's claims.   The Court of Appeals affirmed reasoning that congressional intent clearly foreclosed direct review of FSIP orders. "In light of our examination of the statute and its legislative history, we agree with the district court that this specific review procedure, established by the statute, forecloses the assumption of general federal question or mandamus jurisdiction." Brewer, 735 F.2d 1499 (citation omitted).  Similarly, in Turgeon v. Federal Labor Relations Authority, 677 F.2d 937, 940 (D.C. Cir. 1982), the D.C. Circuit held that an aggrieved person may obtain judicial review in the appropriate court of appeals of "any final order of the [Federal Labor Relations] Authority." In the instant case, the General Counsel has not issued a complaint, and the Authority has not acted at all in this case so it is clear that there is no "final order of the Authority" and hence no decision to be reviewed pursuant to section 7123.  Turgeon, 677 F.2d at 938-939.  NATCA offers no authority for the proposition that the General Counsel's exercise of her discretion not to issue an unfair labor practice complaint may be construed as a "final order of the Authority," and does not otherwise offer any cogent reason to abandon the courts of appeals' settled interpretation of the Act's judicial review provision.

5. The FAA respectfully requests that the Court grant its Motion to Dismiss. NATCA's request for declaratory relief would circumvent the FLRA's determination and, if granted, would constitute a circumvention of applicable federal sector labor law.

Respectfully Submitted,


/s/ Jeffrey A. Taylor /dvh
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell

Of Counsel:                                        _____
Elizabeth Head, Esq.                         BEVERLY M. RUSSELL, D.C. Bar #454257
Michael Doherty, Esq.                       Assistant United States Attorney
Federal Aviation Administration      U.S. Attorney's Office for the District of Columbia,
                                                              Civil Division
                                                         555 4th Street, N.W., Rm. E-4915
                                                         Washington, D.C. 20530
                                                         Ph: (202) 307-0492
                                                         Fax: (202) 514-8780
                                                         E-Mail: beverly.russell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of *Reply to Plaintiff's Opposition to Motion to Dismiss by Defendant Federal Aviation Administration* was made by the Court's Electronic Case Filing System to:

William W. Osborne, Jr.
Natalie C. Moffett
Osborne Law Offices, P.C.
4301 Connecticut Avenue, N.W., Suite 108
Washington, D.C. 20008
b.osborne@osbornelaw.com

Marguerite L. Graf
General Counsel
National Air Traffic Controllers Association, AFL-CIO
1325 Massachusetts Avenue, N.W.
Washington, D.C. 20005
mgraf@natcadc.org

James F. Blandford
Federal Labor Relations Authority
1400 K Street, N.W., Suite 300
Washington, D.C. 20424
jblandford@flra.gov

this 20th of June, 2008.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
 Assistant United States Attorney

Form Exempt Under 44 U.S.C. 3512



| UNITED STATES OF AMERICA<br>FEDERAL LABOR RELATIONS AUTHORITY<br>CHARGE AGAINST AN AGENCY | FOR FLRA USE ONLY<br>Case No. WA-CA-06-0366<br>Date Filed 4/7/2006 |

Complete instructions are on the back of this form.

| 1. Charged Activity or Agency | 2. Charging Party (Labor Organization or Individual) |
|---|---|
| Name: Federal Aviation Administration | Name: National Air Traffic Controllers Association |
| Address: 800 Independence Ave. SW<br>Washington, DC 20591<br>Tel.#: (202) 267-3979    Ext.<br>Fax#: (202) 267-3977 | Address: 1325 Massachusetts Ave. NW<br>Washington, DC 20005<br>Tel.#: (202) 628-5451    Ext.<br>Fax#: (202) 628-5767 |
| 3. Charged Activity or Agency Contact Information | 4. Charging Party Contact Information |
| Name: Marion Blakey<br>Title: Administrator<br>Address: 800 Independence Ave., SW<br>Tel.#: (202) 267-3111    Ext.<br>Fax#: (202) 267-5047 | Name: Marc Shapiro<br>Title: Director of Labor Relations<br>Address: 1325 Massachusetts Ave., NW<br>Washington, DC 20005<br>Tel.#: ((202) 628-5451    Ext. 4826<br>Fax#: (202) 628-5767 |

5. Which subsection(s) of 5 U.S.C. 7116(a) do you believe have been violated? [See reverse] (1) and __(5) and (8)__

6. Tell exactly WHAT the activity (or agency) did. Start with the DATE and LOCATION, state WHO was involved, including titles.

(see attached)

7. Have you or anyone else raised this matter in any other procedure?  ✓ No    __ Yes    If yes, where? [see reverse] _____

8. I DECLARE THAT I HAVE READ THIS CHARGE AND THAT THE STATEMENTS IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I UNDERSTAND THAT MAKING WILLFULLY FALSE STATEMENTS CAN BE PUNISHED BY FINE AND IMPRISONMENT, 18 U.S.C. 1001. THIS CHARGE WAS SERVED ON THE PERSON IDENTIFIED IN BOX #3 BY [check "x" box]  ☐ Fax  ☐ 1st Class Mail  ☐ In Person
✓ Commercial Delivery    ☐ Certified Mail

| Marc Shapiro | [signature] | 04/07/2006 |
| Type or Print Your Name | Your Signature | Date |

FLRA Form 22 (Rev. 1/99)

On or about April 5, 2006, and continuing, the Federal Aviation Administration (FAA or Agency), engaged in bad faith bargaining with the National Air Traffic Controllers Association, AFL-CIO, (NATCA or Union) in violation of 5 U.S.C. Sections (1), (5), and (8) by, inter alia,

I.      Submitting its contract proposal to the United States Congress and refusing to cooperate in impasse resolution through the processes of the Federal Service Impasses Panel as required by 5 U.S.C. Section 7119. See NATCA v. FSIP, 437 F.3d 1256 (D.C. Cir. 2006);

II.     Insisting to impasse over permissive subjects of bargaining (waiver of Union bargaining rights);

III.    And, engaging in a pattern and practice throughout the course of negotiations of avoiding good faith collective bargaining.

The violations by the FAA have caused and will continue to cause irreparable harm to affected bargaining unit employees and to the Union. Interim injunctive relief is therefore requested pursuant to 5 U.S.C. Section 7123.

Form Exempt Under 44 U.S.C. 3512

| UNITED STATES OF AMERICA<br>FEDERAL LABOR RELATIONS AUTHORITY<br>**CHARGE AGAINST AN AGENCY** | FOR FLRA USE ONLY |
|---|---|
| | Case No. WA-CA-06-0563 |
| | Date Filed |

Complete instructions are on the back of this form.

| 1. Charged Activity or Agency | 2. Charging Party (Labor Organization or Individual) |
|---|---|
| Name: Federal Aviation Administration | Name: National Air Traffic Controllers Association, AFL-CIO |
| Address: 800 Independence Ave. SW<br>Washington, DC 20591 | Address: 1325 Mass. Ave. NW, Washington, DC 20005 |
| Tel.#: 202-267-3979 | Tel.#: 202-628-5451 |
| Fax#: 202-267-5914 | Fax# 202-628-7286 |
| 3. Charged Activity or Agency Contact Information<br>Name: Melvin Harris<br>Title: Director Labor and Employee Relations<br>Address: same as above<br>Tel.#: 202-267-3979<br>Fax: 202-267-5914 | 4. Charging Party Information<br>Name: Marc Shapiro<br>Title: Acting Director of Labor Relations<br>Address: same as above<br>Tel.#: same as above  Fax#: same as above<br>Electronic Mail: mshapiro@natcadc.org |

5. Which subsection(s) of 5 U.S.C. 7116(a) do you believe have been violated? [See reverse]  (1)  (5)

6. Tell exactly WHAT the activity (or agency) did. Start with the DATE and LOCATION, state WHO was involved, including titles.

Since on or about April 7, 2006 and continuing, the Federal Aviation Administration has refused to bargain under the auspices of the Federal Service Impasses Panel.

The above constitutes bad faith bargaining.

By the above the Agency has violated 5 U.S.C. 7116 (a) (1) and (5).

The violations by the FAA have caused and will continue to cause irreparable harm to affected bargaining unit employees and to the Union. Interim injunctive relief is therefore requested pursuant to 5 U.S.C. Section 7123.

7. Have you or anyone else raised this matter in any other procedure?  _x_ No  ___ Yes  If yes, where? [see reverse]

8. I DECLARE THAT I HAVE READ THIS CHARGE AND THAT THE STATEMENTS IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I UNDERSTAND THAT MAKING WILLFULLY FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT. 18 U.S.C. 1001. THIS CHARGE WAS SERVED ON THE PERSON IDENTIFIED IN BOX #3 BY [check "x" box]  x Fax  ☐ 1st Class Mail  ☐ In Person  ☐ Commercial Delivery  ☐ Certified Mail

Marc Shapiro
Type or print your name   Your signature   Date 7-11-06

FLRA Form 22 (Rev. 1/99)