# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL AIR TRAFFIC CONTROLLERS ASSOCIATION, AFL-CIO, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 08-481 (RMC) |
| FEDERAL SERVICE IMPASSES PANEL, *et al.*, ) ) ) | |
| Defendants. ) ) | |

## MEMORANDUM OPINION

The National Air Traffic Controllers Association ("NATCA") seeks to force the Federal Service Impasses Panel ("Panel") to assist them in resolving bargaining impasses with the Federal Aviation Administration ("FAA"). Like a similar suit the NATCA brought before this Court in 2004, the NATCA asserts that the Panel improperly declined to exercise jurisdiction to resolve these impasses. This Court held previously, and now finds again, that the Federal Labor Relations Authority ("FLRA") is the appropriate forum to determine whether the Panel has jurisdiction. Because this Court lacks jurisdiction, NATCA's motion for summary judgment will be denied and the Defendants' motions to dismiss will be granted.

### I.  FACTS

The NATCA is a labor union that represents FAA employees. It is a labor organization within the meaning of the Civil Service Reform Act of 1978, 5 U.S.C. §§ 7101 *et seq.* ("Chapter 71"). Under Chapter 71, Congress established the FLRA to protect the rights of federal employees to organize, bargain collectively, and participate through labor organizations. *See* 5

U.S.C. §§ 7104-7105.  The Panel is an "entity within the Authority [whose] function . . . is to provide assistance in resolving negotiation impasses between agencies and exclusive representatives." 5 U.S.C. § 7119(c)(1).  The federal sector process, whereby the Panel can impose contract terms if the parties fail to agree, replaces the traditional economic weapons of strike or lockout used in the private sector to resolve disputes.

After certain collective bargaining negotiations between the FAA and the NATCA failed to reach accord, in July 2003 the NATCA filed a request for assistance, asking that the Panel consider the impasses.  The FAA asserted that 49 U.S.C. §§ 40122(a) and 106(*l*) divest the Panel of jurisdiction to review certain impasse claims, even though such claims were previously subject to the Panel's impasse procedures under 5 U.S.C. § 7119.  *See* 49 U.S.C. § 40122(a) (establishing procedure for FAA to make changes to its personnel management system); 49 U.S.C. § 106(*l*) (giving authority to the FAA Administrator to fix compensation without collective bargaining).  On January 9, 2004, the Panel declined to address the impasses, finding it unclear whether the Panel had the authority to resolve them.

The NATCA then filed suit in this Court against the Panel and the FLRA asking the Court to direct the Panel to assert jurisdiction over the impasses.  The Court granted summary judgment in favor of the Panel and the FLRA, finding that the FLRA was the better forum for adjudicating the union's claim that the Panel should resolve the bargaining impasses.  *NATCA v. Federal Services Impasses Panel*, No. 04-0138, 2005 WL 418016, *5 (D.D.C. Feb. 22, 2005), *aff'd*, 437 F.3d 1256 (D.C. Cir. 2006).  The Circuit affirmed, agreeing that to determine whether the Panel is an available mechanism to resolve certain types of impasses, the union's proper course of action is to file an unfair labor practice charge against the FAA with the FLRA.  *NATCA*, 437 F.3d at 1265.

> In short, if the Union's interpretation of the disputed statutory provisions is correct, then it is clear that they have viable unfair labor practice charges that can be raised with and addressed by the FLRA. Thus, the Unions are not without possible redress for the alleged violations of their statutory rights.
>
> It is also clear than any alleged unfair labor practices must be addressed in the first instance by the FLRA — not by the [Panel], the District Court, or this court.

*Id*. The union filed an unfair labor practice charge with the FLRA regarding these bargaining impasses. The FLRA's General Counsel unilaterally settled the charge.

The NATCA reached another impasse with the FAA in 2006 and again sought Panel assistance. The Panel again declined to exercise jurisdiction. It determined that the FAA "has raised arguable questions concerning whether the Panel has the authority to resolve collective bargaining disputes over changes to the FAA's [Personnel Management System], including the compensation and benefits of FAA's bargaining-unit employees. . . . [S]uch questions . . . must be addressed in an appropriate forum before the Panel commits its resources to assist in resolving the merits of their impasse." Pl.'s Compl., Ex. 2. As a result, the union filed another unfair labor practice charge with the FLRA. The FLRA Regional Director dismissed the 2006 charge, *see* FAA's Mot. to Dismiss, Ex. 2, and the NATCA administratively appealed. On January 29, 2008, the FLRA General Counsel denied the appeal, and on February 26, 2008, the General Counsel denied NATCA's motion for reconsideration. *Id*., Exs. 3 & 4.

The NATCA brought this suit against the FLRA and the Panel, as well as the Department of Transportation and its agency the FAA. The union seeks a declaratory judgment requiring the Panel to accept jurisdiction to resolve the parties' impasses. Defendants move to dismiss or for summary judgment. Because the Court lacks jurisdiction, the motion to dismiss filed

by the Department of Transportation and the FAA and the motion to dismiss filed by the FLRA and the Panel will be granted.

## II.  Legal Standard for a Rule 12(b)(1) Motion to Dismiss

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).  Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)).  On a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Rasul v. Bush*, 215 F. Supp. 2d 55, 61 (D.D.C. 2002) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)).  Because subject matter jurisdiction focuses on a court's power to hear the claim, a court is not limited to the allegations contained in the complaint but may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

## III.  ANALYSIS

The relevant question here is who should determine the interplay between Chapter 71, the basic guide to federal labor-management relations, and the particular provisions that affect FAA labor relations at 49 U.S.C. § 40122 and 49 U.S.C. § 106(*l*).  Because the FLRA is the expert agency charged with "provid[ing] leadership in establishing policies and guidance relating to matters under . . . [Chapter 71]," 5 U.S.C. §  7105(a)(1), the question must be presented there in the guise

of an unfair labor practice proceeding.  That is, if the FAA is required to bargain under 5 U.S.C. §

7119, a refusal to submit the impasse to the Panel would constitute an unfair labor practice and may

be challenged as such.

   The unfair labor practice process allows the union to take this issue to the FLRA and

then to the Circuit Court of Appeals for review, as necessary.  However, the General Counsel of the

FLRA has unreviewable authority to determine whether an unfair labor practice complaint will issue.

*Turgeon v. FLRA*, 677 F.2d 937, 940 (D.C. Cir. 1982).

> In those cases in which he decides that a complaint shall issue, the General Counsel becomes an advocate before the [Authority] in support of the complaint.  In those cases in which he decides not to issue a complaint, no proceeding before the [Authority] occurs at all. The practical effect of this administrative scheme is that a party believing himself the victim of an unfair labor practice can obtain neither adjudication nor remedy under the labor statute without first persuading the Office of General Counsel that his claim is sufficiently meritorious to warrant [Authority] consideration.

*Id*.  A decision by the FLRA's General Counsel to settle or dismiss an unfair labor practice charge,

instead of issuing a complaint, is not reviewable by any court.  *Patent Office Prof'l Ass'n v. FLRA*,

128 F.3d 751, 753 (D.C. Cir. 1997).  "[A] decision of the General Counsel of FLRA not to issue a

complaint is not judicially reviewable given that the statute provides for review only of decisions of

the [FLRA]."  *Id*.

   When the FLRA General Counsel does issue an unfair labor practices complaint,

jurisdiction rests exclusively with the FLRA.  5 U.S.C. § 7123(a); *Steadman v. Governor, U.S.*

*Soldiers' and Airmen's Home*, 918 F.2d 963, 966 (D.C. Cir. 1990).  Matters that are subject to unfair

labor practice procedures must be examined first by the FLRA or not at all.  *See NLRB v. United*

*Food & Commercial Workers Union*, 484 U.S. 112, 132-33 (1987).  Final decisions of the FLRA

may be appealed to the Courts of Appeals.  5 U.S.C. § 7123(a); *Steadman*, 918 F.2d at 966.

      The NATCA argues that is it not seeking a review or reversal of any decision of the Panel or FLRA General Counsel, but it is instead seeking a declaratory judgment that the Panel has jurisdiction to resolve certain bargaining impasses and that the district court may exercise general federal question jurisdiction here.  The NATCA erroneously relies on *Florida Board of Business Regulation v. NLRB*, 686 F.2d 1362 (11th Cir. 1982).  In *Florida Board*, the Eleventh Circuit found that NLRB orders regarding representation elections are subject to district court review in extraordinary circumstances.  *Id*. at 1368-69.  *Florida Board* is contrary to D.C. Circuit precedent.  The D.C. Circuit has held that general federal question jurisdiction is *not* available where review of Panel and General Counsel decisions are precluded by a specific statutory scheme.  *Beverly Health & Rehab. Serv. v. Feinstein*, 103 F.3d 151, 154 (D.C. Cir. 1996) (NLRB General Counsel charging decisions are not reviewable); *Council of Prison Locals v. Brewer*, 735 F.2d 1497, 1500 (D.C. Cir. 1984) (a district court may not exercise general question jurisdiction over Panel decisions).

      Moreover, NATCA's claim that it is not seeking review of decisions by the Panel or FLRA General Counsel is unrealistic.  The ruling that it seeks here is the same one it sought before the Panel and before the FLRA — a ruling that the Panel has jurisdiction to resolve these impasses.  It is the NATCA's failure to obtain such a ruling that caused it to bring this suit.  The fact that the FLRA General Counsel refused to issue a complaint when it settled one unfair labor practice charge and refused to reverse the dismissal of another does not somehow create jurisdiction in this Court.  The decisions of the FLRA General Counsel to dismiss a charge are not subject to review by any court.  Because exclusive jurisdiction rests with the FLRA, including the possibility that the FLRA General counsel will refuse to issue a complaint, this Court lacks jurisdiction.  This case will be

dismissed.

### IV.  CONCLUSION

Plaintiff's motion for summary judgment [Dkt. # 8] will be denied, and Defendants' motions to dismiss [Dkt. ## 12 & 13] will be granted.  A memorializing order accompanies this Memorandum Opinion.


Dated: October 23, 2008                _____/s/_____
                                       ROSEMARY M. COLLYER
                                       United States District Judge